

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MICHAEL DURBOIS, §
§
Plaintiff, §
§
VS. § NO. 4:19-CV-1056-A
§
DEUTSCHE BANK NATIONAL TRUST §
COMPANY, AS INDENTURE TRUSTEE, §
FOR THE BENEFIT OF THE HOLDERS §
OF AAMES MORTGAGE INVESTMENT §
TRUST 2005-4 MORTGAGE BACK §
NOTES, §
§
Defendant. §

MEMORANDUM OPINION & ORDER

Came on for consideration the motion by plaintiff, Michael Durbois, to remand. Having considered the motion, the response by defendant, Deutsche Bank National Trust Company, as indenture trustee for the benefit of AAMES Mortgage Investment Trust 2005-4 Mortgage Back Notes, the record, and the applicable authorities, the court finds that such motion should be denied.

I.

Grounds for the Motion

In his motion to remand, plaintiff asserts that the court lacks subject matter jurisdiction because, although the parties are diverse, the amount in controversy is less than $75,000. Doc.[1] 8. In support of this argument, plaintiff points to his

---

[1] The "Doc.___" reference is to the number of the item on the docket in this action.

state court petition, which states that he seeks damages in "an amount less than $74,500" for alleged violations of the Texas Debt Collection Act, breach of the duty of cooperation, fraud, and negligent misrepresentation. Doc. 8 at 3; Doc. 4, exh. C-1 at 14. Defendant, who in March 2019 obtained state court authorization to foreclose on plaintiff's real property, argues that the value of the property must be included in the amount in controversy because the filing of this action caused an automatic stay of foreclosure. Doc. 12.

II.

Applicable Law

"In order for a federal court to decline jurisdiction, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" DeAguilar v. Boeing Co., 47 F.3d 1404, 1409 (5th Cir. 1995) (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)). "[T]he plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." DeAguilar, 47 F.3d at 1412. Defendant carries this burden if the required amount in controversy is apparent from the face of the petition, or, alternatively, made apparent through the defendant's use of summary judgment type evidence.

2

Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "Once a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." DeAguilar, 47 F.3d at 1412.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation," even if the complaint states that damages are "not to exceed" a lower dollar amount. Farkas v. GMAC Mortg., LLC, 737 F.3d 338, 341 (5th Cir. 2013) (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)). The amount in controversy includes the value of the real property when an injunction on foreclosure is sought. Id.

III.

Analysis

Defendant has carried its burden. Although plaintiff's petition does not request injunctive relief from foreclosure, its filing serves the same function as an injunction, and consequently, the amount in controversy should include the property's value. A foreclosure proceeding pursuant to Rule 736

3

of the Texas Rules of Civil Procedure is automatically stayed "if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed prior to 5:00 p.m. on the Monday before the scheduled foreclosure sale." Tex. R. Civ. P. 736.11(a).

In March 2019, a state court granted defendant's application for foreclosure under Rule 736. Doc. 12, exh. 1. In August 2019, plaintiff filed an action against defendant in state court, triggering the automatic stay imposed by Rule 736.11. Doc. 12 at 1-2. That action, which defendant removed to this court, was voluntarily dismissed by plaintiff. Id. On December 2, 2019, plaintiff filed the above-captioned action in state court, which resulted in a second automatic stay of foreclosure and which was also removed by defendant. Id. The automatic stay of the non-judicial foreclosure of the property is tantamount to a request for an injunction, and the court therefore finds that the value of the property should be included in the calculation of the amount in controversy.[2]

---

[2] The United States District Court for the Southern District of Texas came to the same conclusion in a similar case. Carter v. Wells Fargo Home Mortgage, No. 3:16-cv-296, 2017 WL 2992440, at *2 (S.D. Tex. Mar. 2017).

Plaintiff argues that the filing of this action is not analogous to a request for an injunction because defendant is free to seek an order for judicial foreclosure under Rule 735.3 of the Texas Rules of Civil Procedure while this action is pending. Doc. 8 at 4. This argument fails. In both scenarios, defendant cannot foreclose on the property until after a court proceeding and ruling.

Given the similarities between the automatic stay of non-judicial foreclosures and preliminary injunctions of such foreclosures, the court finds that the amount in controversy in this action includes the value of the property. Because the property is worth $427,662.00, Doc. 12 at 3, and because the parties are diverse, the court has subject matter jurisdiction under 28 U.S.C. § 1332, and remand is not proper.

IV.

Order

Therefore,

The court ORDERS that plaintiff's motion for remand be, and is hereby, denied.

SIGNED February 19, 2020.

_____
JOHN MCBRYDE
United States District Judge

5