

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL DURBOIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-1056-A |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| COMPANY, AS INDENTURE TRUSTEE, | § | |
| FOR THE BENEFIT OF THE HOLDERS | § | |
| OF AAMES MORTGAGE INVESTMENT | § | |
| TRUST 2005-4 MORTGAGE BACK | § | |
| NOTES, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION & ORDER

Came on for consideration the motions by defendant, Deutsche Bank National Trust Company, as indenture trustee, for the benefit of the holders of Aames Mortgage Investment Trust 2005-4 Mortgage Backed Notes, for summary judgment and for judgment on the pleadings. Doc.[1] 39. Having considered the motions, the responses by plaintiff, Michael Durbois, and third-party defendant, Lori Ann Durbois, defendant's reply, the record, and the applicable legal authorities, the court finds that the motion for summary judgment should be granted. As a result, the motion for judgment on the pleadings is moot.

---

[1] The "Doc. __" reference is to the number of the item on the docket in the above-captioned action.

I.

Factual Background

The summary judgment evidence establishes, without genuine dispute, that:

On June 1, 2005, plaintiff executed a Texas Home Equity Note ("the Note") made payable to Aames Funding Corporation ("Aames") and its assigns. In the Note, plaintiff promised to pay the principal amount of $251,250.00, plus interest as set fourth in the Note. Doc. 41 at app. 6-11. The Note states that failure to timely pay the full amount of each monthly installment results in default, and that, at the election of the payee and upon notice of default, the entire unpaid principal balance and interest on the Note may become payable and immediately due. Id. at app. 8 § 7(B)-(C). The Note was secured by a Texas Home Equity Security Instrument ("the Deed of Trust") executed by plaintiff and his wife, Lori Ann Durbois. Id. at app 12-33. The Deed of Trust created a lien on property located at 2000 Fox Meadow Drive, Keller, Texas 76248 ("the Property"). Id. On June 8, 2005, Aames assigned the Deed of Trust to defendant. Id. at app. 42-46. In 2009 and again in 2016, the terms of the loan were modified after plaintiff failed to timely make payments as required by the Note. Id. at app. 47-49, 50-55. Plaintiff again fell behind on his loan payments,

2

and on January 30, 2018, defendant sent notice of default to plaintiff. Id. at app. 67-77. To date, plaintiff has not paid the amount due on February 1, 2018, nor amounts due on any subsequent dates. Id. at app. 4 ¶ 10. On November 30, 2020, defendant sent a notice of acceleration to plaintiff. Id. at app. 78-79.

In his amended complaint, plaintiff pleads additional facts regarding his communications with defendant and the loan servicer, and confusion that resulted from them. Doc. 11 ¶¶ 5-47. Plaintiff's claims are based on these additional factual allegations, but he does not support them with evidence.

II.

## Plaintiff's Claims and Defendant's Counterclaim and Third-Party Claim

Plaintiff brings claims for violations of the Texas Debt Collection Act ("TDCA"), breach of a common law duty of cooperation, common law fraud, and negligent misrepresentation. Doc. 11 ¶¶ 49-67. Defendant asserts a counterclaim against plaintiff and a third-party claim against plaintiff's wife, Lori Ann Durbois, seeking a judgment authorizing foreclosure and a declaratory judgment that defendant possesses a right to foreclose and is authorized to do so. Doc. 14 at 11 (counterclaim); Doc. 24 at 5 (third-party claim).

3

III.

Grounds of the Motion for Summary Judgment

In its motion for summary judgment, defendant argues that plaintiff's claims should be dismissed because there is no evidence to support at least one necessary element of each claim. Doc. 40 ¶ 33 (no evidence of TDCA violation or damages), ¶ 35 (no evidence to show existence of duty of cooperation or good faith and fair dealing, breach of such duties, or damages), ¶ 39-41 (no evidence of fraudulent misrepresentation, reliance, or damages), ¶ 51 (no evidence of negligent misrepresentation, reliance, or damages). Defendant also argues that it is entitled to summary judgment on its counterclaim and third-party claim because its evidence establishes that (I) a debt exists, (II) the debt is secured by a lien on the Property, (III) plaintiff defaulted, (IV) defendant sent notices of default and acceleration to plaintiff, and (V) neither plaintiff nor third-party defendant are members of the National Guard or United States Military entitled to relief under the Soldier's and Sailor's Relief Act of 1940. Id. ¶¶ 53-57.

III.

Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or

4

defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 322-23.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986).

5

IV.

Analysis

The court finds that no genuine dispute of material fact exists and that defendant is entitled to judgment as a matter of law as to plaintiff's claims and defendant's counterclaim and third-party claim.

A.  Plaintiff's claims should be dismissed on summary judgment grounds.

Defendant argues that each of plaintiff's claims should be dismissed because there is no evidence to support at least one necessary element of each claim. Doc. 40 ¶¶ 33, 35, 39-41, 51. The court agrees. A movant carries its summary judgment burden when it points out the absence of evidence supporting one or more essential elements of the non-movant's claims. Celotex, 477 U.S. 317, 323, 325. Thus, defendant carried its burden, and the burden shifts to plaintiff to provide evidence to show that there is a genuine dispute as to material fact.

Plaintiff failed to carry his burden because he did not identify any evidence to create a genuine dispute as to the challenged elements of his case. See id. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the

6

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. Plaintiff has not filed any evidentiary items to refute defendant's argument. In fact, plaintiff's response to the motion for summary judgment focuses exclusively on defendant's counterclaim and third-party claim instead of plaintiff's claims. See Doc. 46. Because he fails to carry his summary judgment burden, plaintiff's claims and causes of action should be dismissed.

B. Defendant is entitled to summary judgment as to its counterclaim and third-party claim.

Defendant argues that it is entitled to summary judgment as to its counterclaim and third-party claim. The court agrees. "To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16 § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration." Huston v. U.S. Bank, Nat'l Ass'n, 988 F. Supp. 2d 732, 740 (S.D. Tex. Dec. 19, 2013) (citing Tex. Prop. Code § 51.002), aff'd, 583 Fed. App'x 306 (5th Cir. 2014). The undisputed evidence satisfies these elements.

7

Plaintiff argues that the motion should be denied because defendant failed to name a substantive cause of action, such as breach of contract, and instead only explicitly names the remedies it seeks. Doc. 46 at 2-3 (discussing Doc. 14 and Doc. 24). The court disagrees. Although authorization to foreclose is not a cause of action on its own, courts have read a breach of contract claim into a foreclosure claim where only the latter is pleaded. Ocwen Loan Serv., LLC v. Kingman Holdings, LLC, No. 3:18-cv-1197-S, 2019 WL 3802167, at *5 (N.D. Tex. May 31, 2019); Pittman v. Seterus, Inc., No. 3:14-cv-3852-M(BF), 2016 WL 4791926, at *3 (N.D. Tex. Jan. 8, 2016). Here, a breach of contract claim was implicit in defendant's pleadings, and the undisputed facts establish that such breach of contract occurred and that defendant is entitled to the requested relief. In fact, plaintiff and third-party defendant appear to understand that a breach of contract claim was implicit in defendant's pleadings because they answered instead moving to dismiss for failure to state a claim. See Doc. 17; Doc. 29.

V.

Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and that defendant's motion for judgment on the pleadings be, and is hereby, denied as moot.

The court further ORDERS that plaintiff's claims and causes of action against defendant in the above-captioned action be, and are hereby, dismissed.

The court further ORDERS and DECLARES that defendant has the right, and is hereby authorized, to conduct a foreclosure sale of the Property under the Deed of Trust and in the manner contemplated by § 51.002 of the Texas Property Code.

SIGNED August 17, 2020.

JOHN McBRYDE
United States District Judge